# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 1:16-CV-24097-UU

**THE AFFILIATI NETWORK, INC.**
a Florida corporation,

                Plaintiff/Counter Defendant

     vs.

**JOSEPH WANAMAKER**, individually;
and **FITCREWUSA INC**., a Nevada
corporation

              Defendants/Counter Plaintiffs

_____

## COUNTERCLAIMS

     COMES NOW, FITCREWUSA, INC. ("FITCREW") AND JOSEPH WANAMAKER

("WANAMAKER")(collectively "COUNTERCLAIMANTS"), by and through undersigned

counsel, and file their counterclaims to the Plaintiff's complaint as follows:

### I.      JURISDICTION

     1.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §

1332(a) as the amount in controversy exceeds $75,000, Plaintiff AFFILIATI NETWORKS, Inc.

("AFI") is a business organization duly organized and licensed in the State of Florida and

Defendant, FITCREW is a corporation organized under the laws of the State of Nevada.

Defendant, WANAMAKER is a resident of the State of California.

## II.    VENUE

2.      The United States District Court for the Southern District of Florida is the appropriate venue for this action pursuant to 28 U.S.C 1391(b) as AFI maintains its principal place of business in Miami, Florida and a substantial part of the events or omissions giving rise to the claim took place in the Southern District of Florida.

## III.    FACTUAL ALLEGATIONS RELATED TO COUNTERCLAIMS

3.      Plaintiff, AFI is a business organization incorporated under the laws of the state of Florida with offices in Miami, Florida and Santa Barbara, California.

4.      Sanjay Palta, A.K.A. Sonny Palta ("PALTA") is the principal of Plaintiff, AFI. Furthermore, PALTA and AFI are agents, servants and alter egos of one another.

5.      Defendant, FITCREW is a corporation organized under the laws of the State of Nevada, with its main office located in Burbank, California. Defendant WANAMAKER is the president of FITCREW and a resident of the State of California.

6.      On or about April 15, 2016, FITCREW and AFI entered into an oral agreement whereby AFI would provide marketing and advertising services to FITCREW in connection with its fitness supplements campaign. The terms of the oral agreement were a) 350 orders limit per day b) U.S. orders only, no survey traffic, no pornography traffic, c) the cost per acquisition ("CPA") was $42 for one step and $42 for step two, payment terms 50% of invoice for media week due on the 14th day and balance of 50% due on the 37th day. d) there were to be no personal guarantees.

7.      AFI was to provide advertising and marketing services to FITCREW by forwarding leads from its network of affiliates, whose websites would generate continuity sales

REINER & REINER, P.A.
ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

which included an initial trial offer and successive repeat orders for FITCREW's products monthly thereafter.

8.      Beginning on June 1, 2016 and continuing on until mid September, AFI flooded FITCREW with fraudulent traffic which caused massive blowback to FITCREW's campaign. AFI essentially created false advertising claims related the use of FITCREW's fitness supplements by making false medical claims, fraudulent professional athlete endorsements using fraudulent press releases and the unauthorized use of intellectual property owned by the NFL and ESPN, and using the names and likenesses of Green Bay Packer player, Clay Matthews and Olympian swimmer, Michael Phelps in connection with marketing FITCREW's products on the internet. As a result, the blowback from AFI's phony advertising and marketing practices included consumer complaint letters from the Florida Department of Agriculture & Consumer Affairs, the Massachusetts Attorney General's Office, State of California Department of Justice, and The Better Business Bureau. Furthermore, FITCREW received a cease and desist letter from The Disney Company regarding AFI's use of phony ESPN web pages used to market FITCREW's products.

9.      AFI also engaged in fraudulent and deceptive practices relating to the terms and conditions that FITCREW's customers were obligated in connection with the purchase transaction. PALTA on behalf of AFI either removed the terms and conditions from the affiliate websites it used to generate sales for the FITCREW products, or caused the placement of the terms and conditions to the bottom of the page in order to reduce the likelihood that the customer would see or read the terms and conditions.

10.     Further blowback from AFI's fraudulent and deceptive advertising and marketing practices in connection with the FITCREW fitness supplements campaign came in the form of

massive customer dissatisfaction resulting in cancelled orders, customer refunds, voids in excess of $1.1 million and bank chargebacks in excess of $1.2 million.

**FIRST CAUSE OF ACTION**
**<u>FRAUD- MISREPRESENTATION AND SUPPRESSION OF FACTS</u>**
**(Against AFI)**

Counterclaimants incorporate and re-allege paragraphs 1 through 10, inclusive by reference.

11.     AFI, through its president PALTA, made material misrepresentations of fact to Counterclaimants and/or omitted to state material facts regarding the quality of advertising traffic and the true nature of AFI's fraudulent advertising practices. AFI was at all times relevant hereto participant in the scheme to defraud Counterclaimants. Counterclaimants were unaware of the deceptive marketing and advertising practices of AFI.

12.     AFI knowingly and/or recklessly made such misrepresentations and concealments with the intention to deceive Counterclaimants regarding the true nature of the quality of advertising traffic and false and misleading advertising practices in order to induce Counterclaimants to retain AFI's services and thereby make financial gain as a result of its fraudulent acts. AFI was, or reasonably should have been, aware of the falsity and misleading nature of its statements and intent to deceive Counterclaimants by failing to disclose these deceptive practices.

13.     Counterclaimants were unaware that the representations made by AFI were fraudulent, false and malicious. Prior to engaging with AFI, Counterclaimants were unaware that AFI was involved in a concerted scheme to make fraudulent representations intended to induce Counterclaimants to become involved in retaining the marketing and advertising services of AFI and become obligated to pay the overinflated and unjust billings. AFI's fraudulent and misleading

4

statements to Counterclaimants included statements by PALTA that the advertising traffic forwarded to Counterclaimants were legitimate transactions with willing customers who were aware of the terms and conditions of the purchase transactions. In fact, the traffic generated by AFI was the result of fraudulent, misleading and deceptive advertising practices that were undisclosed and hidden from Counterclaimants.

14.     Counterclaimants reasonably relied on AFI's misrepresentations to its detriment. If Counterclaimants had known the true facts, it would not have engaged and continued using the services of AFI.

15.     As a direct result of AFI's fraudulent conduct, AFI was able to bill and receive over $1.5 million in fees from Counterclaimants, caused blowback in the form of cancelled orders, voids, refunds and excessive bank chargebacks which resulted in destroying 21 merchant processing accounts and in turn damage the FITCREW brand and campaign.

16.     As a direct result of said AFI's acts of fraud, Counterclaimants have been damaged in the sum of at least $3,500,000.

17.     The conduct of AFI was willful, fraudulent, malicious, and oppressive. As a result, Counterclaimants is entitled to an award of punitive damages.

## COUNT II
## CIVIL CONSPIRACY TO DEFRAUD
### (Against AFI)

18.     Counterclaimants re-allege and incorporate by reference paragraphs 1 through 17.

19.     As hereinabove alleged, Counterclaimants are informed and believe, and on the basis of such information thereon allege, that around and after May 31, 2016 that AFI and its agents and each of them knowingly agreed and willfully conspired among themselves to organize AFI with the objective and intention to use it as a vehicle to defraud Counterclaimants.

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

20.     AFI and its agents thereafter engaged in a pattern of wrongful and illegal conduct consistent with their agreement to defraud and commit illegal acts as alleged above, including making fraudulent representations and concealing relevant facts.

21.     As a proximate result of the wrongful acts by AFI as alleged herein, Counterclaimants have been damaged in the sum of at least $3,500,000.

22.     As result of AFI's fraudulent, oppressive, and malicious conduct, Counterclaimants are entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
### BREACH OF ORAL CONTRACT
#### (Against AFI)

23.     Counterclaimants re-alleges and incorporates by reference the allegations of paragraphs 1 through 17 and 19 through 22.

24.     On or about April 15, 2016, FITCREW and AFI entered into an oral agreement whereby AFI would provide marketing and advertising services to FITCREW in connection with its fitness supplements campaign. The terms of the oral agreement were a) 350 orders limit per day b) U.S. orders only, no survey traffic, no pornography traffic, c) the cost per acquisition ("CPA") was $42 for one step and $42 for step two, payment terms 50% of invoice for media week due on the 14th day and balance of 50% due on the 37th day and d) there were to be no personal guarantees.

25.     Counterclaimants have fully performed all obligations, covenants and conditions to be performed by him pursuant to the oral agreements, except to the extent that such performance was excused or rendered impossible by the wrongful acts of and/or omissions of AFI and its agents.

REINER & REINER, P.A.
ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

26.     As a direct and proximate result of AFI's failure to act in good faith and deal fairly with Counterclaimants, Counterclaimants have suffered damages in an amount according to proof at trial, but in an amount no less than $3,500,000.

### FOURTH CAUSE OF ACTION
### <u>FRAUDULENT INDUCEMENT</u>
#### (Against AFI)

27.     Counterclaimants re-allege and incorporate by reference the allegations of paragraphs 1 through 17, 19 through 22 and 24 through 26.

28.     On or about April 15, 2016, FITCREW and AFI entered into an oral agreement whereby AFI would provide marketing and advertising services to FITCREW in connection with its fitness supplements campaign. The terms of the oral agreement were a) 350 orders limit per day b) U.S. orders only, no survey traffic, no pornography traffic, c) the cost per acquisition ("CPA") was $42 for one step and $42 for step two, payment terms 50% of invoice for media week due on the 14th day and balance of 50% due on the 37th day and d) there were to be no personal guarantees.

29.     On May 31, 2016, in an attempt to memorialize the oral agreement of April 15, 2016, PALTA created an electronic insertion order with an Affiliati Network Advertiser Terms and Conditions Agreement which included a Guarantor signature line, all in the form of an Adobe Sign document. (Complaint, Exhibit A) which PALTA represented contained the terms agreed to in the April 15, 2016 oral agreement and expressly excluded any personal guarantees. In fact, the Advertiser signature line was for Defendant Joseph Wanamaker in his individual capacity and the Guarantor signature line for FITCREW. However, these terms were not agreed to nor disclosed to FITCREW nor WANAMAKER.

7

30.     The Adobe Sign document was emailed on May 31, 2016 for signature to Christine Naud ("NAUD"), an employee at FITCREW to her email address at Christine@fitcrewusa.com. NAUD was not authorized to sign the Affiliati Network Advertiser Terms and Conditions Agreement. Specifically, NAUD was not authorized at any time to sign for WANAMAKER in his individual capacity.

31.     NAUD had difficulties in opening the Adobe Sign document as she was unfamiliar with this format. On June 7, 2016, Julie Corippo ("CORIPPO"), an agent and network administrator for AFI, fraudulently attempted induced NAUD to execute the Adobe Sign document. As NAUD was unable to open or read the Adobe Sign document, CORIPPO fraudulently induced the document signing to be delegated to her by NAUD. Upon receiving the delegation authorization, CORIPPO executed the signature of Defendant WANAMAKER on his own behalf as "Advertiser" and on FITCREW's behalf as "Guarantor".

32.     AFI's agents, PALTA and CORIPPO made the representations described above, such representations were false. In fact, the intent of AFI was to induce FITCREW or one of its agents to cause the execution of a personal guarantee by WANAMAKER.

33.     At the time AFI's agents PALTA and CORIPPO made the representations as alleged above, Counterclaimants did not know the representations that a personal guarantee was excluded from the Adobe Sign document were false, but believed them to be true and reasonably and justifiably relied upon them in delegating the authorization to execute the Adobe Sign document into the agreement. Had AFI not made said misrepresentations, Counterclaimants would not have delegated the authorization to execute the Adobe Sign document.

34.     As a direct and proximate result of the acts of AFI and its agents, Counterclaimants have suffered damages in an amount of no less than $3,500,000.

REINER & REINER, P.A.

ONE DATRAN CENTER ♦ 9100 SOUTH DADELAND BLVD ♦ SUITE 901 ♦ MIAMI ♦ FLORIDA ♦ 33156 ♦ TEL: 305 670-8282 ♦ FAX: 305 670-8989

35.     Counterclaimants are informed and believe and based thereon allege that AFI and its agents, in engaging in the conduct and acts herein alleged, acted willfully, maliciously, oppressively and with full knowledge of the adverse effects on Counterclaimants, and with willful and deliberate disregard to the consequences to Counterclaimants such as to constitute oppression, fraud or malice, and such actions were authorized, ratified and adopted by AFI. As a direct result of the fraudulent, willful and malicious conduct of AFI, Counterclaimants are entitled to exemplary and punitive damages in an amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE, FITCREW and WANAMAKER pray judgment against AFI as follows:

1.     That Plaintiff's Complaint be dismissed against FITCREW and WANAMAKER;

2.     For compensatory damages to be proven at trial, in an amount not fully determined at this time but which, in any event, exceeds $3,500,000;

3.     For prejudgment interest on FITCREW and WANAMAKER's damages;

4.     For attorneys' fees, costs, and expenses incurred by the prosecution of this action; and

5.     For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury on all issues so triable.

REINER & REINER, P.A.

ONE DATRAN CENTER ◆ 9100 SOUTH DADELAND BLVD ◆ SUITE 901 ◆ MIAMI ◆ FLORIDA ◆ 33156 ◆ TEL: 305 670-8282 ◆ FAX: 305 670-8989

Respectfully submitted,

**REINER & REINER, P.A.**
*Attorneys for Defendants/Counterclaimants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
e-mail: dpr@reinerslaw.com

**JACQUES CHEN, ESQ.;** CA Bar No: 113399
*Attorneys for Defendants/Counterclaimants*
*(Pro Hac Vice Pending)*
2029 Century Park East, Suite 400
Los Angeles, CA 90067  (310) 201-4382
e-mail: jchen028@gmail.com


/S/   DAVID P. REINER, II
By: _____
DAVID P. REINER, II; Florida Bar No. 416400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**REINER & REINER, P.A.**
*Attorneys for Defendants/Counterclaimants*
9100 South Dadeland Boulevard, Suite 901
Miami, Florida   33156-7815
Phone: (305) 670-8282; Facsimile: (305) 670-8989
e-mail: dpr@reinerslaw.com

/S/   DAVID P. REINER, II
By: _____
DAVID P. REINER, II; Florida Bar No. 416400

W:\800\85600 - Wanamaker\85600-Counterclaims.docx

11