UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.1:16-cv-24097-UU

THE AFFILIATI NETWORK, INC.,
a Florida corporation,

    Plaintiff/Counter-Defendant,

vs.

JOSEPH WANAMAKER, individually,
and FITCREWUSA INC., a Nevada
corporation,

    Defendants/Counter-Plaintiffs.
_____/

JOSEPH WANAMAKER, individually,
and FITCREWUSA INC., a Nevada
corporation,

    Third-Party Plaintiffs,

vs.

SANJAY PALTA a.k.a. SONNY PALTA,

    Third-Party Defendant.
_____/

**THE AFFILIATI NETWORK, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

    Plaintiff/Counter-Defendant, The Affiliati Network, Inc. ("Affiliati") hereby files its Answer and Affirmative Defenses to the Counterclaim [D.E. 13-1] filed by Defendant/Counter-Plaintiffs, Joseph Wanamaker ("Wanamaker") and FitCrewUSA, Inc. ("FitCrew"), and states:

**Jurisdiction**

    1.    Admitted.

## Venue

2. Admitted.

## Factual Allegations Related to Counterclaims

3. Admitted.

4. Admitted that Sanjay Palta is the principal and agent of Plaintiff, Affiliati. Otherwise denied.

5. Admitted.

6. Denied.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

## Count I
## Fraud-Misrepresentation and Suppression of Facts
### (Against Affiliati)

Affiliati incorporates and re-alleges the responses to paragraphs 1 to 10 as if fully set forth herein.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

### Count II
### Civil Conspiracy to Defraud
### (Against Affiliati)

18. Affiliati incorporates and re-alleges the responses to paragraphs 1 to 17 as if fully set forth herein.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

### Count III
### Breach of Oral Contract
### (Against Affiliati)

23. Affiliati incorporates and re-alleges the responses to paragraphs 1 through 17 and 19 through 22 as if fully set forth herein.

24. Denied.

25. Denied.

26. Denied.

### Count IV
### Fraudulent Inducement
### (Against Affiliati)

27. Affiliati incorporates and re-alleges the responses to paragraphs 1 through 17, 19 through 22, and 24 through 26 as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

Affiliati denies each and every allegation in the Counterclaim not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim fails to state a cause of action upon which relief may be granted as the Counterclaim lacks allegations of ultimate facts supporting a claim for breach of oral contract. Specifically, Defendants/Counter-Plaintiffs have failed to allege any wrongful or tortious conduct in their claim for fraud that is independent from Affiliati's breach of contract claim and their own purported breach of oral contract claim, and no viable breach of oral contract claim exists due to the existence of the parties' written agreement. Furthermore, the Counterclaim lacks allegations of ultimate facts supporting a claim for civil conspiracy, as the Defendant/Counter-Plaintiffs merely claims that Affiliati and its own agents conspired amongst themselves.

### Second Affirmative Defense

Defendants/Counter-Plaintiffs' claims are barred in whole or in part by virtue of their own material breaches of the parties' written agreement, which includes, but is not limited to, failing to pay all amounts due for the services performed by Affiliati, demanding a large quantity of leads without having any intention of paying for Affiliati's services, falsely claiming that Affiliati was providing incentivized leads or deceptive marketing tactics, and failing to timely object to Affiliati's services.

Third Affirmative Defense

Defendants/Counter-Plaintiffs' claims are barred because they first repudiated their duty of performance and failed to perform under the parties' agreement, which prevents them from asserting this breach of contract claim.

Fourth Affirmative Defense

Defendants/Counter-Plaintiffs' claims are barred in whole or in part pursuant to the doctrine of waiver by virtue of their inactions and actions for the reasons set forth herein and as alleged in Affiliati's Complaint.

Fifth Affirmative Defense

Defendants/Counter-Plaintiffs' claims are barred in whole or in part pursuant to the doctrine of estoppel by virtue of their inactions and actions for the reasons set forth herein and as alleged in Affiliati's Complaint.

Sixth Affirmative Defense

Defendants/Counter-Plaintiffs had, and continue to have, the ability and opportunity to mitigate their damages, if any, and have wrongfully failed and refused to mitigate their alleged damages.

Seventh Affirmative Defense

Defendants/Counter-Plaintiffs' alleged damages were caused, in whole or in part, from the actions of another person or entity, over which Affiliati had no control and for whom Affiliati had no responsibility.

Eighth Affirmative Defense

Affiliati is entitled to a set-off for any settlement or award obtained by Defendants/Counter-Plaintiffs from any other person or entity, as well as for the debts owed by Defendants/Counter-Plaintiffs to Affiliati as set forth in Affiliati's Complaint.

Ninth Affirmative Defense

Defendants/Counter-Plaintiffs' claims are barred because they violated the implied covenant of good faith and fair dealing, which requires that each party act consistently with, and take no actions to frustrate, the contract's purpose.

Tenth Affirmative Defense

Defendants/Counter-Plaintiffs' fraud claim is barred because the alleged fraud and misrepresentations are embodied in and/or contradicted by the parties' written agreements, which includes, but is not limited to, the Agreement and Insertion Order.

Eleventh Affirmative Defense

Defendants/Counter-Plaintiffs' claim for civil conspiracy is barred by the intracorporate conspiracy doctrine because agents of a company are not considered capable of conspiring with themselves or with the company.

Twelfth Affirmative Defense

Defendant/Counter-Plaintiffs' claim for breach of oral contract in barred because no viable breach of oral contract claim exists due to the existence of the parties' written agreement.

<u>Thirteenth Affirmative Defense</u>

Defendant/Counter-Plaintiffs' claim for fraud is barred because the Counterclaim failed to allege any wrongful or tortious conduct in their claim for fraud that is independent from Affiliati's breach of contract claim and their own purported breach of oral contract claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counter-Defendant, The Affiliati Network, Inc., requests that the Court dismiss the Counterclaim in its entirety, and enter judgment in its favor and against Defendant/Counter-Plaintiffs, Joseph Wanamaker and FitCrewUSA, Inc., as to all counts, award all attorneys' fees, costs, and award any other relief the Court deems just and proper.

**DEMAND FOR ATTORNEYS' FEES AND COSTS**

Plaintiff/Counter-Defendant, The Affiliati Network, Inc. has retained undersigned counsel and is obligated to pay counsel legal fees for their services.  Accordingly, The Affiliati Network, Inc., is entitled to recover its reasonable attorneys' fees and costs incurred in defending this action pursuant to Sections 17 and 20 of the parties' written agreement, and as permitted under applicable law.

Dated: November 9, 2016.

Respectfully submitted,

*/s/ Ruben E. Socarras*
Ruben E. Socarras
Fla. Bar No. 712256
rsocarras@msglaw.com
MARSHALL SOCARRAS GRANT, P.L.
197 South Federal Highway, Suite 200
Boca Raton, Florida 33432
Telephone: 561.361.1000
Facsimile:  561.672.7581
*Attorneys for The Affiliati Network, Inc., and Sanjay Palta*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 9, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and counsel listed on the attached services list.

/s/ *Ruben E. Socarras*
Ruben E. Socarras, Esq.

## SERVICE LIST

| | |
|---|---|
| David P. Reiner, II, Esq.<br>REINER & REINER, P.A.<br>Email: dpr@reinerslaw.com<br>9100 S. Dadeland Blvd., Suite 901<br>Miami, FL 33156-7815<br>Telephone: (305) 670-8282<br>Facsimile:  (305) 670-8989<br>*Attorneys for Defendants/Counter-Plaintiffs/Third-Party Plaintiffs* | Jacques C. Chen, Esq.<br>Email : jchen028@gmail.com<br>2029 Century Park East, Suite 400<br>Los Angeles, CA 90067<br>Telephone: (310) 201-4382<br>*Attorneys for Defendants/Counter-Plaintiffs/Third-Party Plaintiffs (Pro Hac Vice)* |