UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:16-cv-24097-UU

THE AFFILIATI NETWORK, INC.,

    Plaintiff/Counter-Defendant,

v.

JOSEPH WANAMAKER and FITCREWUSA,
INC.,

    Defendants/Counter-Plaintiffs.
_____/

JOSEPH WANAMAKER and FITCREWUSA,
INC.,

    Third-Party Plaintiffs,

v.

SANJAY PALTA a/k/a SONNY PALTA,

    Third-Party Defendant.
_____/

## ORDER ON MOTION TO STRIKE

THIS CAUSE is before the Court upon Plaintiff's/Counter-Defendant's and Third Party Defendant's Motion to Strike Defendants' Damages Expert Report, or Alternatively, Motion for Leave to Serve Rebuttal Report and Perform Discovery as to Damages, D.E. 46, and Plaintiff's/Counter-Defendant's and Third Party Defendant's *Daubert* Motion to Exclude Expert Opinions of Vanita M. Spaulding, D.E. 61.

For reasons set forth below, the Motion to Strike, D.E. 46, is GRANTED, and the *Daubert* Motion, D.E. 61, is DENIED AS MOOT.

I.     **Background**

This case arises from a business dispute between: (1) Plaintiff/Counter-Defendant, The Affiliati Network, Inc. ("AFI") and AFI's principal and owner, Third-Party Defendant, Sanjay Palta ("Palta"); and (2) Defendants/Counter-Plaintiffs, FitCrew, USA, Inc. ("FUSA") and FUSA's president, Joseph Wanamaker ("Wanamaker"). AFI is a Florida corporation engaged in the business of Internet-based affiliate marketing, through which AFI produced advertisements for clients through AFI's network of affiliates' and publishers' websites, search engines, social media websites, and direct emailing distributions. D.E. 1 ¶ 1; D.E. 13 ¶ 1. FUSA is a Nevada corporation in the business of selling fitness supplements. D.E. 1 ¶ 3; D.E. 13 ¶ 3. Sometime between April 2016 and June 2016, AFI and Palta began a business arrangement with FUSA and Wanamaker, whereby AFI, Palta and their agents or subcontractors advertised FUSA's fitness supplements through various third-party websites. D.E. 1 ¶ 9; D.E. 13-1 ¶ 6; D.E. 1-1.

On one hand, AFI and Palta contend that FUSA and Wanamaker breached an executed agreement, the Affiliati Network Advertiser Insertion Order ("I/O"), as amended by the Affiliati Network Advertiser Terms and Conditions (the "Terms and Conditions"), by failing to pay $1,400,766.00 in invoices owed to AFI. On the other hand, FUSA and Wanamaker contend that AFI and Palta, or their agents or subcontractors, intentionally engaged in deceptive advertising and removed disclosures concerning FUSA's products during the sales process, thereby resulting in an abnormally large number of cancelled orders, causing FUSA to suffer damages of at least $3,500,000.

On September 23, 2016, AFI filed its Complaint, alleging the following claims: (1) breach of contract against Wanamaker (Count I); (2) breach of guaranty against FUSA (Count II); and (3) unjust enrichment against Wanamaker and FUSA (Count III). D.E. 1. On October 19, FUSA and Wanamaker filed their Answer and Affirmative Defenses to AFI's Complaint. D.E.

13. On this same date, FUSA and Wanamaker filed a Counterclaim against AFI, alleging claims for: (1) fraudulent misrepresentation and omissions (Count I); (2) civil conspiracy to defraud (Count II); (3) breach of oral contract (Count III); and (4) fraudulent inducement (Count IV). D.E. 13-1. In addition, FUSA and Wanamaker also filed a Third-Party Complaint against Palta, alleging claims for: (1) fraudulent misrepresentation and omissions (Count I); and (2) civil conspiracy to defraud (Count II). D.E. 13-2.

On November 9, 2016, AFI filed its Answer and Affirmative Defenses to the Counterclaim. D.E. 23. On November 10, 2016, Palta filed his Answer and Affirmative Defenses to the Third-Party Complaint. D.E. 24.

On December 14, 2016, the Court entered her Scheduling Order for Pretrial Conference and Trial. D.E. 25. In her Order, the Court required the parties to complete all discovery, including expert discovery, no later than May 19, 2017. *Id.* In particular, the order provided:

> **ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE. THE CONTENT OF THE EXPERT DISCLOSURES MUST CONFORM TO THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 26.**
>
> **THE TIME SCHEDULE CONTAINED IN THIS ORDER MAY NOT BE MODIFIED ABSENT PRIOR ORDER OF THE COURT. IN THE EVENT THE COURT GRANTS A CONTINUANCE OF THE ORIGINALLY SCHEDULED TRIAL DATE, ALL OTHER DATES, INCLUDING THE PRETRIAL CONFERENCE DATE, SHALL REMAIN IN FULL FORCE AND EFFECT UNLESS THE COURT STATES OTHERWISE IN WRITING.**

*Id.* pp. 1-2 (emphasis in original).

On April 26, 2017, FUSA and Wanamaker filed their Supplemental Disclosures under Fed. R. Civ. P. 26 which, for the first time, disclosed Jonathan Hochman ("Hochman") and Vanita Spaulding ("Spaulding") as expert witnesses in this case (the "Supplemental Disclosure").

D.E. 46-3. These Supplemental Disclosures included, in relevant part: (1) a brief summary of the topics on which Mr. Hochman was expected to testify; and (2) a five-word description of the topics on which Ms. Spaulding was expected to testify, which was described, in full, as "[d]amages and valuation of MIDS." D.E. 46-3.

On May 5, 2017, FUSA and Wanamaker provided their Rule 26 expert report regarding Hochman. D.E. 60-1. On May 18, 2017, which was one day before the discovery cut-off, FUSA and Wanamaker first provided their Rule 26 expert report regarding Ms. Spaulding. D.E. 46-2.

On May 19, 2017, discovery closed in this case. On May 25, 2017, AFI and Palta filed the instant Motion, seeking to exclude all expert testimony from Spaulding based on FUSA's and Wanamaker's failure to comply with Fed. R. Civ. P. 26(a)(2) or, alternatively, to permit AFI and Palta to serve a rebuttal report and conduct additional discovery as to damages. D.E. 46. On June 9, 2017, AFI and Palta also moved to exclude Spaulding's expert testimony under Fed. R. Evid. 403 and *Daubert*. D.E. 61.

## II. Legal Standard

Rule 26(a)(2) requires a party to disclose the identity of any expert it may use at trial. The disclosure and written report must be made at the "*time*[] *and in the sequence that the court orders*[,]" or in the absence of an agreement among the parties or court order, the disclosure must occur at least ninety days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(D)(i) (emphasis added).

In addition, Federal Rules of Civil Procedure 26(a) and (e) require parties to disclose all bases of their experts' opinions and to timely supplement their expert disclosures upon discovery of an omission or as required by court order. *See Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Complying with Rule 26 is "'not merely an aspiration' as 'the expert witness discovery rules are designed to allow both sides in a case to prepare their cases

4

adequately and to prevent surprise.'" *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.,* No. 6:07–cv–222–Orl–35KRS, 2009 WL 1043974, at *3 (M.D. Fla. Apr. 17, 2009) (quoting *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir. 2008)).

Where a party fails to provide information as required under Rule 26(a), Rule 37 authorizes the Court to sanction that party. *See* Fed. R. Civ. P. 37(c). Under Rule 37, if a party fails to comply with Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"When a party claims that it has substantial justification for its actions, the court should ask whether reasonable people could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D. Ala. 2001) (internal citation and quotation omitted). "A party's failure to properly disclose an expert," including improper designation of an expert under Rule 26(a)(2)(D)(ii), "is harmless when no prejudice results to the opposing party." *Leaks v. Target Corp.*, No. CV414-106, 2015 WL 4092450, at *4 (S.D. Ga. July 6, 2015) (internal citation omitted).

**III.   Discussion**

A. Parties' Arguments

AFI and Palta argue that Spaulding should be stricken as an expert in this case for four reasons. First, as an initial matter, AFI and Palta argue that FUSA's and Wanamaker's April 26, 2017 Supplemental Disclosure failed to provide sufficient detail to comply with Fed. R. Civ. P. 26. D.E. 46 p. 3. Second, FUSA and Wanamaker waited until May 18, 2017, one day before the

5

close of discovery, to provide AFI and Palta with Spaulding's Rule 26 expert report. *Id.* p. 3. Third, AFI and Palta argue that FUSA's and Wanamaker's untimely submission of Spaulding's Rule 26 expert report substantially prejudiced AFI's and Palta's ability to "complet[e] its own discovery prior to the May 19, 2017 discovery deadline, including submitting a rebuttal expert report as to damages and performing discovery as to those damages." *Id.* p. 4. Lastly, AFI and Palta argue that FUSA and Wanamaker have no justification whatsoever for their untimely disclosure of Spaulding's expert testimony. *Id.*

FUSA and Wanamaker respond in two principal ways. First, FUSA and Wanamaker contend that their April 26, 2017 disclosure of Spaulding was adequate and, as such, both FUSA and Wanamaker "complied with this Court's scheduling order with respect to the completion of discovery." *Id.* p. 9. Thus, FUSA and Wanamaker argue that AFI and Palta were aware of FUSA's and Wanamaker's intent to use Spaulding as their damages expert by, at the latest, April 26, 2017.

Second, FUSA and Wanamaker argue that AFI and Palta were not prejudiced by the April 26, 2017 disclosure because on May 3, 2017, AFI disclosed Scott Bouchner as their "rebuttal expert, if necessary and applicable, with respect to Defendants' proposed expert disclosures of Vanita Spaulding on April 26, 2017." D.E. 54. p. 5. In other words, AFI and Palta were not prejudiced because they retained a rebuttal expert in response to FUSA's and Wanamaker's April 26, 2017 Supplemental Disclosure. *Id.*

B. Court's Ruling

The Court will strike Spaulding as an expert in this case for four reasons. First, as an initial matter, there is no question that the April 26, 2017 Supplemental Disclosure which, for the first time, listed Spaulding as an expert witness in this case, was woefully insufficient to satisfy

either Fed. R. Civ. P. 26(a)(2)(B) or Fed. R. Civ. P. 26(a)(2)(C), as it does not: (1) include any written report, much less a report containing the information required by Rule 26(a)(2)(B)(i)-(vi); (2) adequately describe "the subject matter on which the witness is expected to present evidence;" or (3) include a "summary of the facts and opinions to which [Spaulding] is expected to testify." Fed. R. Civ. P. 26(a)(2)(B)-(C);

Second, FUSA and Wanamaker failed to provide AFI and Palta with Spaulding's expert report until May 18, 2017—which was merely one day before the close of discovery—even though Rule 26(a)(2), this Court's Scheduling Order, and Eleventh Circuit precedent plainly require a party to disclose expert testimony sufficiently in advance of the discovery cut-off, so that the opposing party may adequately prosecute or defend their case without being subject to prejudicial surprise. *See* Fed. R. Civ. P. 26(a)(2); *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457-58 (2006) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational."); *see also Access Now Inc. v. Macy's E., Inc.*, No. 99-9088-CIV, 2001 WL 36380366, at *4 (S.D. Fla. Oct. 22, 2001) (noting that "nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusion"); D.E 25 ("ALL EXPERT DISCOVERY MUST BE COMPLETED BY THE DISCOVERY CUT-OFF. THEREFORE, THE PARTIES MUST AGREE UPON A SCHEDULE FOR EXPERT DISCLOSURES AND DEPOSITIONS WHICH WILL FACILITATE THEIR COMPLETION BY THAT DATE." (emphasis removed)).

Third, FUSA and Wanamaker provide no justification whatsoever to explain why they failed to timely disclose Spaulding's expert opinions, much less show the substantial justification

7

required under Rule 37. D.E. 54 p. 9 ("FITCREW need not make 'substantial jurisdiction' arguments where it complied with the Court's Scheduling Order discovery cut-off deadline."); *see also Weaver v. Lexington Ins. Co.,* No. 8:05–cv–1913–T–27TBM, 2007 WL 1288759, at *2 (M.D. Fla. May 2, 2007) ("Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.").

Lastly, AFI and Palta were, without question, severely prejudiced by FUSA's and Wanamaker's untimely disclosure of Spaulding's expert opinions, as their untimely disclosure prevented AFI and Palta from, among other things: (1) deposing Spaulding to cross-examine her concerning the conclusions in her Rule 26 expert report; (2) conducting additional discovery concerning the damages calculations contained in Spaulding's Rule 26 expert report; and (3) preparing and exchanging a report to rebut Spaulding's damage calculations. *See, e.g.*, *S.O.S. Res. Servs., Inc. v. Bowers*, No. 14CIV22789COOKETORRE, 2015 WL 6735540, at *3 (S.D. Fla. Nov. 4, 2015) ("[B]ecause Plaintiff has completely failed to abide by the deadlines set forth in this Court's Scheduling Order, I find that Defendants would be unduly prejudiced if Plaintiff were allowed to rely on its proposed expert witness, Alexander Fernandez."); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *3 (S.D. Fla. July 30, 2014) (striking expert where untimely disclosure caused defendants prejudice); *Kakawi Yachting, Inc. v. Marlow Marine Sales, Inc.*, No. 8:13-CV-1408-T-TBM, 2014 WL 12639973, at *3 (M.D. Fla. Oct. 28, 2014) ("Federal courts routinely strike expert reports or exclude expert testimony which is not timely disclosed").

For these reasons, Spaulding is stricken as FUSA's and Wanamaker's expert and Spaulding's expert opinions, including those in her Rule 26 expert report, will not be considered

by the Court in resolving the parties' competing summary judgment motions. *See, e.g.*, *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (noting that Rule 37(c)(1) gives courts wide discretion to strike experts that are untimely disclosed).

      C. <u>AFI's and Palta's *Daubert* Motion to Exclude Spaulding's Expert Opinions</u>

For reasons set forth above, Spaulding is stricken as FUSA's and Wanamaker's expert. Accordingly, Plaintiff's/Counter-Defendant's and Third Party Defendant's *Daubert* Motion to Exclude Expert Opinions of Vanita M. Spaulding, D.E. 61, is DENIED AS MOOT.

**IV.** **Conclusion**

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that Plaintiff's/Counter-Defendant's and Third Party Defendant's Motion to Strike Defendants' Damages Expert Report, or Alternatively, Motion for Leave to Serve Rebuttal Report and Perform Discovery as to Damages, D.E. 46, is GRANTED. Spaulding is HEREBY STRICKEN as FUSA's and Wanamaker's expert witness. Spaulding's testimony will not be considered on summary judgment and will not be admissible at trial. It is further

ORDERED AND ADJUDGED that Plaintiff's/Counter-Defendant's and Third Party Defendant's *Daubert* Motion to Exclude Expert Opinions of Vanita M. Spaulding, D.E. 61, is DENIED AS MOOT.

DONE AND ORDERED in Chambers, Miami, Florida, this _9th__ day of August, 2017.

                                                  _____
                                                  URSULA UNGARO
                                                  UNITED STATES DISTRICT JUDGE

copies provided: counsel of record